# EXHIBIT A



**Service of Process Transmittal**
05/29/2015
CT Log Number 527202322

| | |
|---|---|
| TO: | Lina Donskaya<br>Starr Insurance Holdings, Inc.<br>399 Park Avenue, 9th Floor<br>New York, NY 10022 |
| RE: | **Process Served in Michigan** |
| FOR: | Starr Indemnity & Liability Company (Domestic State: TX) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Austin Bills, Pltf. vs. Starr Indemnity & Liability Company, etc., Dft. |
| DOCUMENT(S) SERVED: | Summons, Return of Service, Compalint |
| COURT/AGENCY: | 3rd Circuit Court, Wayne County, MI<br>Case # 15006902NF |
| NATURE OF ACTION: | Insurance Litigation - Claim for policy benefits |
| ON WHOM PROCESS WAS SERVED: | The Corporation Company, Bingham Farms, MI |
| DATE AND HOUR OF SERVICE: | By Process Server on 05/29/2015 at 12:25 |
| JURISDICTION SERVED : | Michigan |
| APPEARANCE OR ANSWER DUE: | Within 21 days after service |
| ATTORNEY(S) / SENDER(S): | Robert J. Lantzy<br>Buckfire & Buckfire, P.C.<br>25800 Northwestern Hwy.<br>Ste. 890<br>Southfield, MI 48075<br>248-569-4646 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day , 780737970265<br>Image SOP<br>Email Notification, Sara Barfield sara.barfield@starrcompanies.com<br>Email Notification, Lina Donskaya Lina.Donskaya@starrcompanies.com |
| SIGNED:<br>ADDRESS:<br><br><br><br>TELEPHONE: | The Corporation Company<br>30600 Telegraph Road<br>Suite 2345<br>Bingham Farms, MI 48025-5720<br>248-646-9033 |

Page 1 of 1 / BJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND RETURN OF SERVICE | CASE NO. 15-006902-NF |
|---|---|---|

2 Woodward Ave., Detroit MI 48226  Court Telephone No. 313-224-5243

THIS CASE IS ASSIGNED TO JUDGE   John H. Gillis, Jr.   Bar Number: 28527

| Plaintiff<br><br>Bills, Austin | v | Defendant<br><br>Starr Indemnity & Liability Company, a Foreign Corporation |
|---|---|---|
| Plaintiff's Attorney<br><br>Robert J. Lantzy, P-57013<br>25800 Northwestern Hwy Ste 890<br>Southfield, MI 48075-6119 | | Defendant's Attorney |

**CASE FILING FEE**  
[X] Case Filing Fee - $150.00

**JURY FEE**  
[X] Jury Fee - $85.00

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 5/26/2015 | 8/25/2015 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date.   CATHY M. GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X  There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

__  A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

__  There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__  An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
|  |  |  |

The action  [ ] remains  [ ] is no longer  pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

5/21/15                              /s/ _____ P57013
Date                                 Signature of attorney/plaintiff

COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.
If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | **RETURN OF SERVICE** | CASE NO. 15-006902-NF |
|---|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**    OR    ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization not required)

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date

My commission expires: _____    Signature: _____
                         Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                       Attachments

_____ on _____
                            Day, date, time

_____ on behalf of _____

Signature

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

AUSTIN BILLS,

       Plaintiff,

vs.                                      15-      -NF

STARR INDEMNITY & LIABILITY
COMPANY, a Foreign Corporation

       Defendant.

15-006902-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
5/26/2015 8:34:57 AM
CATHY M. GARRETT

_____/

ROBERT J. LANTZY (P57013)
BUCKFIRE & BUCKFIRE, P.C.
Attorneys for Plaintiff
25800 Northwestern Hwy., Ste. 890
Southfield, MI 48075
(248) 569-4646
_____/

       That a civil action was previously filed by the named plaintiffs against Star Indemnity & Liability Company arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to judge Robert Ziolkowski in this court case number 12-013879-NF.

## COMPLAINT AND JURY DEMAND

       NOW COMES the Plaintiff, by and through his attorneys, **BUCKFIRE & BUCKFIRE, P.C.**, and for his Complaint and Jury Demand, states as follows:

       1.       That at all times herein, Plaintiff is a resident of the City of White Lake, Oakland County, State of Michigan.

       2.       That Defendant STARR INDEMNITY & LIABILITY COMPANY is an insurance company duly authorized to transact the business of automobile insurance in the State

00073808

of Michigan and does in fact regularly and systematically conduct this business in the County of Wayne, State of Michigan. Said Defendant shall hereinafter be referred to as Defendant.

3. That the amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest and costs.

4 That Plaintiff, on or about May 4, 2012, was insured under the provisions of a motor vehicle insurance policy issued by Defendant (Claim No. STARA010540) which was then in effect under and in accordance with the provisions of MCLA 500.3101 et seq. ("No Fault Act").

5. That Defendant, under the terms and conditions of the said insurance policy, became obligated to pay to, or for the Plaintiff, certain expenses or losses in the event Plaintiff sustained bodily injury and/or death in an accident arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.

6. That Plaintiff, on or about May 4, 2012, was a passenger in an automobile traveling in the City of White Lake, Oakland County, Michigan, and was injured when he exited the motor vehicle while it was operating, and Plaintiff sustained accidental bodily injuries within the meaning of Defendant's policy and the statutory provision, Section 3105 of the No Fault Act.

7 That Plaintiff, as a result of said injury-producing event, has incurred:

    a. Allowable expenses as defined in Section 3107(1)(a) of the No Fault Act for reasonably necessary products, services and accommodations for Plaintiff's care, recovery and/or rehabilitation;

    b. Work loss benefits as defined in Section 3107(1)(b) and/or Section 3107a of the No Fault Act, which Plaintiff is entitled to receive because of his inability to engage in employment and earn income as he would have otherwise been able to do had the aforesaid automobile accident not occurred.

    c.    Replacement service expenses as defined in Section 3107(1)(c) of the No Fault Act, which expenses consist of ordinary and necessary services in lieu of those, that if Plaintiff had not been injured, Plaintiff would have performed for the benefit of Plaintiff and/or her dependents.

    d.    Other personal protection benefits in accordance with the applicable provisions of the No Fault Act.

8. That Defendant has failed, refused or neglected to pay Plaintiff the aforesaid personal protection insurance benefits in accordance with the applicable no-fault and contract provisions, although reasonable proof has been submitted.

9. That Defendant's failure and/or refusal to pay the aforesaid personal protection insurance benefits is continuous and ongoing and, as a consequence thereof, Plaintiff continues to incur allowable expenses, work loss benefits, and replacement service expenses for which the Defendant is liable and for which Plaintiff is entitled to recover herein.

10. That the aforesaid personal protection insurance benefits due and owing to or for the benefit of Plaintiff are overdue within the meaning of Section 3142 of the No Fault Act, thereby entitling Plaintiff to recover interest at the rate of twelve percent (12%) per annum from Defendant.

11. That Defendant has unreasonably refused or delayed in making proper payments to the Plaintiffs contrary to Section 3148 of the No Fault Act, which permits the Plaintiffs to obtain reasonable attorney fees from Defendant.

**WHEREFORE**, Plaintiff respectfully prays that damages may be awarded in Plaintiff's favor and against Defendant for the following elements of damage:

    A.    All no-fault personal insurance protection benefits found due and owing to Plaintiff under the No Fault Act (MCLA 500.3101, *et seq*), as those benefits are more fully described in this Complaint;

B.  Statutory interest at the rate of twelve percent (12%) per annum on all overdue no-fault personal insurance protection benefits from the date Defendant obtained or should have obtained reasonable proof of the fact and the amount of Plaintiff's claims and losses, pursuant to Section 3142 of the No Fault Act;

C.  Reasonable attorney fees for Defendant's unreasonable refusal and/or unreasonable delay in making proper payment of no-fault personal insurance protection benefits, as provided in Section 3148 of the No Fault Act and/or the common law;

D.  Additional interest on civil judgments allowed under the Michigan Revised Judicature Act (RJA);

E.  Taxable costs, fees and other expenses as permitted by statute, court rule and common law;

F.  Any and all other relief that this Court determines to be fair, just and appropriate under the facts and circumstances of this case.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE.**

BUCKFIRE & BUCKFIRE, P.C.

By: /s/ Robert J. Lantzy
ROBERT J. LANTZY (P57013)
DANIEL L. BUCKFIRE (P46286)
BUCKFIRE & BUCKFIRE, P.C.
Attorneys for Plaintiff
25800 Northwestern Hwy., Ste. 890
Southfield, MI 48075
(248) 569-4646

Date: May 26, 2015